IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BRUHN et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 06-258C |
| v. | ) | (Judge C. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME

Defendant respectfully requests an enlargement of time of 30 days, to and including June 29, 2006, within which to file its response to plaintiff's complaint. Defendant's response is currently due to be filed May 30, 2006. This is defendant's first request for an enlargement of time. Counsel for plaintiff has represented that plaintiff does not oppose this request.

First, an enlargement of time is necessary to determine what portion of the relief requested in plaintiffs' complaint is subsumed by ongoing administrative proceedings brought by plaintiffs before the National Appeals Division of the U.S. Department of Agriculture (USDA). The case before this Court emanates from the denial of farm program benefits by the Farm Service Agency (FSA). Based on a preliminary investigation by agency counsel, it appears that an appeal set to be heard by a NAD hearing officer in July 2006 overlaps with a portion of the relief requested in this case. Moreover, the NAD has already ruled in plaintiffs' favor in November 2005 in four other appeals; a portion of the relief awarded may overlap with the relief requested in this Court, and these four appeals are still active pending a determination of entitlement to reimbursement under EAJA. Additional time is required for the parties to

determine what causes of action and relief remain to be decided, as well as which cases are administratively complete.

Second, assuming that part or all of the NAD cases are administratively complete and plaintiffs have exhausted administrative remedies, the United States expects to file a motion to transfer this action to district court given the statutory framework for these types of suits against the Government. See 7 U.S.C. § 6999; Farmers and Merchants Bank v. United States, 43 Fed. Cl. 38, 43-44 (1999) ("Congress has displaced Tucker Act jurisdiction in favor of another remedial scheme, namely, administrative review in the National Appeals Division and judicial review in a district court"). Additional time is necessary so that defendant's counsel may review the various materials, obtain any additional information or clarification from agency counsel, and prepare and file the Government's responsive motion to the complaint.

For these reasons, defendant respectfully requests that the Court grant its unopposed motion for an enlargement of time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

OF COUNSEL:

JOHN P. VOS
Office of the General Counsel
U.S. Department of Agriculture
P.O. Box 419205, Mail Stop 1401
Kansas City, MO 64141

s/ Gregg M. Schwind
GREGG M. SCHWIND
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tel: (202) 353-2345
Fax: (202) 514-8624

Attorneys for Defendant

May 22, 2006