No. 06-258
(Judge Christine O. C. Miller)

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**ALAN BRUHN and CALVIN BRUHN,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims, defendant, the United States, respectfully requests that the Court dismiss plaintiffs' complaint for lack of subject matter jurisdiction.

**QUESTIONS PRESENTED**

1. Whether this Court possesses subject matter jurisdiction pursuant to the Tucker Act and 7 U.S.C. § 6999 to overturn adverse administrative actions of the National Appeals Division of the United States Department of Agriculture.

2. Whether plaintiffs have properly exhausted their administrative claims as required by 7 U.S.C. § 6912(e).

## STATEMENT OF FACTS

Plaintiffs in this case are farmers in northeastern Iowa. Compl. ¶ 5. In 2004, the National Resource Conservation Service (NRCS) found plaintiffs' farming practices to be out of compliance with a conservation plan on highly erodable land. Id. at ¶¶ 43, 47. The Farm Service Agency (FSA) then denied plaintiffs' request for a good faith exemption to regulatory requirements to apply a soil conservation system. See Ex. 1 at 2. Plaintiffs appealed that decision through USDA's National Appeals Division (NAD) and three separate NAD decisions were rendered, each in favor of plaintiffs.[1] See Exs. 1-3, NAD Case Nos. 2005E000784; 2005E000785; and 2005E000786. The NAD concluded that the NRCS did not properly calculate erosion on plaintiffs' land, and that the FSA erred in denying plaintiffs a good faith exemption. Id.

Plaintiffs then sought attorney fees before the NAD pursuant to the Equal Access to Justice Act (EAJA). The NAD issued three decisions on June 1, 2006, denying plaintiffs' applications on the grounds that the applications were neither timely nor proper. See Exs.6-8, NAD Case Nos. 2005E000784, 2005E000785, and 2005E000786.

Because plaintiffs were found to be out of conservation compliance for 2004, FSA did not make any farm program payments to them, but rather withheld payments pending final resolution of those matters. See 7 C.F.R. § 1403.8. Following the November 2005 NAD decisions in their favor, plaintiffs submitted a claim to the local FSA County Office in January 2006, seeking money they contended was lost due to denial of farm program payments, as well as other market losses. See Ex. 4. The FSA County Office denied the claim on February 14,

---

[1] The National Appeals Division (NAD) is the review body within USDA. Its statutory jurisdiction is found at 7 U.S.C. § 6991 *et seq*., and the appeal regulations are found at 7 C.F.R. §§ 11 & 780.

2006, concluding that most of the claims for losses were speculative. See Ex. 5. Plaintiffs then filed an appeal of this FSA decision to the NAD;[3] this appeal (NAD Case No. 2006E000449) is currently pending before the NAD. A hearing was held before the Hearing Officer on July 13, 2006, and the parties expect a decision later this year.

Finally, each plaintiff has filed two tort claims, each for $2 million, each involving all of the above issues, with both the NRCS and the FSA. Plaintiffs assert in their tort claims that NRCS and FSA employees acted negligently, maliciously, and/or intentionally in creating fictitious standards to deny farm program benefits. They seek payment for Loan Deficiency Program (LDP) payments, soybean sealing denial, market losses from LDP denial, and interest, the very same losses claimed before the NAD. The four tort claims are currently in the agency review process.

## STANDARD OF REVIEW

When deciding a motion to dismiss for lack of subject matter jurisdiction, the Court assumes that all undisputed facts alleged in the complaint are true and draws all reasonable inferences in the non-movant's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court may consider all relevant evidence to resolve the truth about any jurisdictional facts alleged in the complaint. McCauley v. United States, 38 Fed. Cl. 250, 262 (1997) (citations omitted). Ultimately, however, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir. 2002).

---

[3] In this latest NAD Appeal, plaintiffs seek approximately $1.8 million, claiming that USDA prevented them from sealing their soybeans; claiming market losses from loan deficiency payment denials; and requesting additional interest on the foregoing and additional loan deficiency payments.

While the Tucker Act, 28 U.S.C. § 1491, confers jurisdiction upon this Court, the Act does not, by itself, "create any substantive right enforceable against the United States for money damages." United States v. White Mountain Apache Tribe, 537 U.S. 465, 472-73 (2003); United States v. Testan, 424 U.S. 392, 398 (1976). Instead, a plaintiff must identify a "separate source of substantive law," such as a statute or regulation, "that can 'fairly be interpreted' as mandating compensation by the United States." Miller v. United States, 67 Fed. Cl. 195, 197 (2005) (citing Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)).

In enacting the Federal Crop Insurance Reform and Department of Agriculture Reorganization Act of 1994), 7 U.S.C. § 6991 et seq., Congress limited the scope of the Tucker Act in cases involving USDA determinations. The statute mandates that review of NAD decisions shall be in the United States District Courts. 7 U.S.C.§ 6999. This Court has held that "Congress has displaced Tucker Act jurisdiction with another remedial scheme, namely, administrative review in the National Appeals Division and judicial review in a district court." Farmers & Merchants Bank of Eatonton, Ga. v. United States, 43 Fed. Cl. 38, 43 (1999) (citing Del-Rio Drilling Programs v. United States, 146 F.3d 1358, 1367 (Fed. Cir. 1998); Deaf Smith County Processors, Inc. v. Glickman, 162 F.3d 1206, 1211 (D.C. Cir. 1998)).

## ARGUMENT

### I. THIS COURT LACKS JURISDICTION TO ENTERTAIN PLAINTIFFS' CLAIMS UNDER 7 U.S.C. § 6999

Because Congress chose to supplant the Tucker Act with the NAD process and judicial review in the district courts, plaintiffs' action must be dismissed if it is an attempt to seek judicial review of agency action. Farmers & Merchants Bank, 43 Fed. Cl. at 43 ("[T]he district courts are intended as the exclusive recourse for a plaintiff dissatisfied with the outcome of the relevant mandatory appeals process."). In the present action, plaintiffs seek $3 million in damages for

lost farm program benefits, unspecified "direct, incidental, and consequential damages" for contract breach, lost marketing opportunities and profits, attorney fees and costs for the prior NAD appeals, and attorney fees and costs for the present action. See Compl. at ¶ 82. Like the plaintiff in Farmers & Merchants Bank, plaintiffs here challenge decisions of the FSA denying certain benefits. Moreover, all of these damages have been addressed in either past or current agency appeals before the NAD. Pursuant to 7 U.S.C. § 3999, plaintiffs' mandatory recourse is in the district courts. Farmers & Merchants Bank, 43 Fed. Cl. at 43. Plaintiffs' attempt to characterize their various grievances with the FSA and the NAD as Constitutional claims does not alter this result: permitting plaintiffs' claims to go forward in this Court under any theory would thwart the clear legislative intent of the statute.

Plaintiffs have previously challenged and litigated the NRCS's determination that they were not in compliance with government conservation requirements, as well as FSA's denial of a good faith exemption, in three separate NAD proceedings. See Exs.1-3, NAD Case Nos. 2005E000784, 2005E000785, and 2005E000786. While the Hearing Officer decided these appeals in plaintiffs' favor, he also stated that he lacked the authority to make any determination on the appropriateness of equitable relief. Id. The Hearing Officer noted that pursuant to 7 C.F.R. § 11.9(e), plaintiffs' proper recourse was to develop the record with the Hearing Officer to support a claim for equitable relief, and then request review by the NAD Director, who has authority to grant such relief. Id.

However, plaintiffs elected instead to send a letter to the Monona County FSA Office seeking monetary relief from the FSA. See Ex. 4. In that letter, plaintiffs requested $1,761,472.23 plus attorney fees and costs for the prior NAD proceedings, including damages for lost farm program payments, LDP payments, soybean sealing denial, market losses from LDP

denial, and interest. Id. These damages are virtually identical to those sought in both the present action and the four tort claims now pending with FSA and NRCS. FSA denied plaintiffs' request in a letter dated February 14, 2006 (see Ex. 5) and that denial is now the subject of a NAD proceeding (Case No. 2006E000449). A hearing in that case was held on July 13, 2006.

With respect to attorney fees, plaintiffs once again elected to pursue their claims through the FSA and the NAD. See Exs. 6-8, NAD Case Nos. 2005E000784, 2005E000785, and 2005E000786. The Hearing Officer in those appeals found that plaintiffs' request for fees failed to meet the regulatory requirements under EAJA as outlined at 7 C.F.R. §§ 1.190(a)-(e). Id. The NAD decisions are dated June 1, 2006, and became final on July 1, 2006.

Because plaintiffs have elected to seek relief with the agency via the FSA and NAD, the agency's determinations are reviewable only through the NAD and, if necessary, the district courts. Farmers & Merchants, 43 Fed. Cl. 38. Here, plaintiffs are seeking relief that has been the subject of six past NAD appeals (three relating to denial of program benefits and three relating to applications for attorney fees) and one pending NAD appeal. Should plaintiffs be dissatisfied with the outcome of any of those appeals, their statutory recourse under 7 U.S.C. § 6999 is in the district courts, not this Court. Id.

## II. PLAINTIFFS HAVE FAILED TO EXHAUST ADMINISTRATIVE REVIEW AND APPEAL PROCEDURES

In addition, plaintiffs' claims are not ripe because they have failed to exhaust their administrative remedies prior to seeking judicial review. Plaintiffs are required to exhaust their administrative appeals before seeking judicial review pursuant to 7 U.S.C. § 6912(e):

> Notwithstanding any other provision of law, a person shall exhaust all administrative appeal procedures established by the Secretary or required by law before the person may bring an action in a court of competent jurisdiction against–

(1) the Secretary;
(2) the Department; or
(3) an agency, office, or employee of the department.

See Farmers & Merchants, 43 Fed. Cl. at 40.

Most of the components of plaintiffs' current claims for damages and attorney fees are currently the subject of separate agency proceedings, and are therefore not ripe for judicial review by any court. As previously described, plaintiffs currently seek damages before the NAD for lost farm program payments, LDP payments, soybean sealing denial, market losses from LDP denial, and interest from FSA (NAD Case No. 2006E000449). These damages are virtually identical to those claimed by plaintiffs in this Court.

This Court has previously held that courts lack the discretion to waive the administrative exhaustion requirements of 7 U.S.C. § 6912(e). See, e.g., Ace Prop. & Cas. Ins. Co. v. United States, 60 Fed. Cl. 175, 184 (2004) (citing Bastek v. Federal Crop Ins. Corp., 145 F.3d 90, 93-95 (2nd Cir. 1998); American Growers Ins. Co. v. Federal Crop Ins. Corp., 210 F. Supp. 2d 1088, 1091-93 (S.D. Iowa 2002)), aff'd, 138 Fed. Appx. 308 (Fed. Cir. Jun. 1, 2005). Plaintiffs are therefore required to exhaust their administrative appeals before seeking judicial review in the courts. Accordingly, until plaintiffs' latest appeal before the NAD reaches a final agency determination, plaintiffs' claims are not ripe and should be dismissed.

## CONCLUSION

For the reasons discussed above, defendant respectfully requests that the Court grant its motion to dismiss.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/ Gregg M. Schwind
GREGG M. SCHWIND
Trial Attorney
Commercial Litigation Branch
Civil Division
U. S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 353-2345
Fax (202) 514-7969

July 28, 2006

Attorneys for Defendant