**EXHIBIT 5**

USDA United States Department of Agriculture

Farm Service Agency

PO Box 118
Onawa, IA 51040

COC Appeal
determination letter

February 14, 2006

Michael Stumo
Domina Law Group
2425 S 144th Street
Omaha NE 68144-3267

RE: **Restoration of 2004 Benefits - Alan and Calvin Bruhn**

Dear Mr. Stumo:

The Monona County Committee (COC) welcomed the opportunity to meet with you and Mr. Alan Bruhn this morning. The benefits you are requesting to be restored to the Bruhns were outlined in your January 25, 2005 letter to the County Committee. The COC's response is in reference to Alan and Calvin Bruhn's 2004 benefits.

The COC reviewed the information and comments submitted by yourself and Alan along with documentation of payment made to the Bruhn Family and regulations regarding prompt payment interest. Their determinations are as follows:

Item 4.1 Disaster Benefits in the amount of $60,000.00
All payments due Alan and Calvin Bruhn have been paid. As the sums paid constitute the full amount of the Bruhns request, there is no issue for the Bruhns to appeal with respect to these payments

Item 4.2 Direct and Counter-Cyclical payments $240,000.00
All payments due Alan and Calvin Bruhn have been paid. Because the Bruhns were paid up to the maximum payment limitation for direct payments and the full amount they earned under the counter cyclical program this is not an appealable issue.

Item 4.4 Soybean Sealing Denial $506,189.28
This request is denied. Mr. Bruhn did not apply for any commodity loans on his 2004 crop soybeans. This claim is speculative in nature.

Because Mr. Bruhn did not apply for any loans that FSA could have acted upon, this is a not an appealable issue.

Item 4.5 Market Losses from LDP
This claim is denied. This claim is speculative in nature.

Because Mr. Bruhn did not submit LDP requests that FSA could have acted upon, this is a not an appealable issue.

Item 4.6 Interest Claims for Monies Lost $79,753.39
All prompt payment interest payments due Alan and Calvin Bruhn have been paid according to Agency regulations. Any claim for prompt payment interest beyond that is denied.

Payment of interest is pursuant to a rule of general applicability, this is not an appealable issue.

Item 4.7 Attorney Fees

The County Committee doesn't express an opinion on this. This would have to be addressed to the National Appeals Division.

The COC has determined that the above determinations are not appealable. You may seek a review of these determination by filing with either the FSA State Executive Director or the NAD Director a written request no later than 30 calendar days after the date you receive this notice in accordance with the FSA appeal procedure found at 7CFR Part 780 or the NAD appeal procedure found at 7 CFR Part 11.

If you believe that this issue(s) is appealable, you must write to either the FSA State Executive Director or the NAD Director at the applicable address shown and explain why you believe this determination is appealable.

If you choose to seek an appealability review of this determination with the FSA State Executive Director, you need not send the NAD Director any information.

If you seek an appealability review with the NAD Director, provide FSA a copy of your request. In the event you request an appealability review by the State Executive Director and the State Executive Director determines that this issue(s) is not appealable, you will be afforded the right to request an appealability review by the NAD Director.

NAD Address:

National Appeals Division, USDA/FSA
Eastern Regional Office
8909 Purdue Road, Suite 240
Indianapolis, IN 46268

State Executive Director Address:

Iowa State FSA Committee
10500 Buena Vista Court
Des Moines, Iowa 50322

Item 4.3 LDP $344,367.87

The request for additional LDP payments on the 2004 crop corn is denied. An application for benefits is required before payment can be made. Alan Bruhn actually filed for one LDP in 2004 which is evidence the County Office was willing to accept LDP applications from Mr. Bruhn. The County Office staff, on more than one occasion, asked Mr. Bruhn to file for additional LDP's on his 2004 corn crop and he declined to file applications.

Because the denial turns on an issue of fact, this is an appealable issue. If you believe this decision is erroneous, you have the following options:

Reconsideration

You may request that the Monona County FSA Committee reconsider this determination by filing a written request not later than 30 calendar days after the date of this notice in accordance with the FSA appeal procedures found in 7CFR Part 780. If you request reconsideration, you have the right to an informal hearing with the Monona County FSA Committee, which you or your representative may attend either personally or by telephone. If you choose to seek reconsideration, you may later appeal the determination to the Iowa State FSA Committee. To request reconsideration, write to the County Office at the above stated address and explain why you believe this determination is erroneous.

Monona County FSA Committee
Box 118
Onawa, Iowa 51040

FEB 16 2006

**Alternative Dispute Resolution (ADR)**

Mediation through the Iowa State mediation program is available, as a part of FSA's informal appeal process. Mediation may enable us to narrow the issues and resolve the matter by mutual agreement. The Iowa State mediation program may require you to pay all or part of the cost of mediation. If you request mediation, the running of the time period in which you may file an appeal stops. When mediation closes, the clock restarts and you will have the balance of days remaining in that period to file an appeal. To request mediation, you must submit your written request not later than 30 calendar days after the date of this notice. To request mediation, write to the Iowa State mediation program at the following address and provide a copy to FSA.

Iowa Mediation Service Inc.
1025 Ashworth Road
Suite 400
West Des Moines, IA 50265
Telephone (515) 331-8081
FAX (515) 331-8085

In the alternative, you may seek another acceptable form of alternative dispute resolution (ADR).

**Appeal to the Iowa State FSA Committee (STC)**

You may appeal the County Committee's determination to the State Committee by filing a written request not later than 30 calendar days after the date of this notice in accordance with the FSA appeal procedures found in 7CFR Part 780. If you appeal to the State Committee, you have the right to an informal hearing which you or your representative may attend either personally or by telephone. If you chose to appeal to the State Committee, you may later appeal the determination of the State Committee to the National Appeals Division, USDA. If you appeal to the State Committee, you waive your right to reconsideration. To appeal, write to the State Committee at the following address and explain why you believe this determination is erroneous.

Iowa State FSA Committee
10500 Buena Vista Court
Des Moines, Iowa 50322

**Appeal to the National Appeals Division (NAD)**

You may appeal this determination to the National Appeals Division (NAD) by filing a written request not later than 30 days after the date you received this notice in accordance with the NAD appeal procedures found at 7 CFR Part 11. If you appeal to NAD, you have the right to a hearing, which you or your representative may attend. Once a hearing with NAD begins, you waive any rights you might to reconsideration, appeal to the FSA, and mediation. To appeal, you must write to NAD at the following address, explain why you believe this determination is erroneous, and provide a copy to FSA. You must personally sign your written appeal to NAD and include a copy of this letter.

National Appeals Division, USDA/FSA
Eastern Regional Office
8909 Purdue Road, Suite 240
Indianapolis, IN 46268

If you do not timely choose one of the preceding options, this shall be the final administrative determination with respect to this matter in accordance with the regulations at 7CRF part 780 and 7 CFR Part II.

Federal law does not allow discrimination of any kind. You cannot be denied services because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you can legally sign a contract). You cannot be denied services because all or part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you may write the Secretary of Agriculture, Washington, D. C. 20250

You cannot be denied services because you exercised your rights under the Consumer Credit Protection Act. You must have exercised these rights in good faith. The Federal Agency responsible for enforcing this law is the Federal Trade Commission, Washington, D.C. 20580.

If you have any questions, please contact our office at 712-423-1311.

Sincerely,

Susan J. Badding
for the Monona County FSA Committee
Monona County Farm Service Agency

cc: Alan Bruhn
Jon Awtry, District Director

**EXHIBIT 6**

UNITED STATES DEPARTMENT OF AGRICULTURE
OFFICE OF THE SECRETARY
NATIONAL APPEALS DIVISION

| | | |
|---|---|---|
| In the matter of<br><br>ALAN BRUHN<br>CALVIN BRUHN<br><br>and<br><br>FARM SERVICE AGENCY | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | EAJA Case No. 2005E000784 |

## EAJA APPLICATION DETERMINATION

**BACKGROUND:**

On November 23, 2005, I issued appeal determinations in case numbers 2005E000784, 2005E000785, and 2005E000786 concerning the Farm Service Agency's (FSA's) adverse decisions all dated March 29, 2005. I decided FSA erred by not granting a "good faith" exemption based on its conclusion Appellants were not following a conservation plan on highly erodible land (HEL). FSA based its decisions on Natural Resource Conservation Service (NRCS) technical determinations that Appellants failed to fully implement conservations plans on three of Appellant's farms and thus failed to limit soil loss. I found NRCS erred in its soil loss estimates and that Appellants did control soil loss in 2004. Consequently, I decided FSA erred in denying a "good faith" exemption.

Neither FSA nor Appellants requested a review of my determinations. Accordingly, my determinations became the final determinations of the United States Department of Agriculture (USDA) 30 days after issuance (December 23, 2005).

On February 21, 2006, Appellants requested reimbursement of attorneys' fees and costs. The National Appeals Division (NAD) assigned this matter to me and I was the adjudicating official on the underlying appeal that is the basis for this application.

On March 16, 2006, I notified FSA and its counsel that Appellants filed a request for attorneys' fees and expenses. I told FSA and its counsel that it could file an answer within 30 days ending on April 15, 2006. On March 30, 2006, FSA's counsel formally responded in a timely manner to the EAJA application. I also told Appellants that should FSA file an answer, they had 15 days (ending on April 30, 2006) to file a reply. On April 21, 2006, Appellants' counsel filed a timely formal response to the agency's answer.

I deem Appellants' request for attorneys' fees and expenses as an Equal Access to Justice Act (EAJA) application by authority of Title 5 United States Code Section 504 and Title 7 of the Code of Federal Regulations (7 C.F.R.), Sections 1.180 through 1.203.

**STATEMENT OF THE CASE:**

There are four issues that require a determination on the merits: 1) does Appellants' application meet EAJA requirements, ***if yes***; 2) have Appellants prevailed over USDA; ***if yes***, 3) were the agency's actions or decision substantially justified; and ***if no***, 4) are the claimed fees and expenses authorized under the law.

The agency maintains that Appellants' request for attorney's fees does not meet regulatory requirements for an EAJA application.

Appellants contend this is an ongoing case because USDA has not yet paid benefits they would have otherwise received had it not been for FSA's adverse decisions. Appellants contend their application for attorney fees is timely because my November 23, 2005, determination did not resolve the matter but removed one barrier for them to collect program benefits.

Neither FSA, FSA's counsel, Appellants, nor Appellants' counsel requested further proceedings pursuant to 7 C.F.R. Section 1.199. I therefore decide this matter based on the written record consisting of:

- Appellants' February 21, 2006, request for attorneys' fees and expenses (specifically paragraph 5.4),
- My Notice of Request for Attorney Fees and Expenses dated March 16, 2006, including two attachments being the above letter of February 21, 2006, and a letter dated March 9, 2006, from Natalie German, NAD Deputy Assistant Director to Appellants' counsel,
- Agency counsel's letter of March 30, 2006, and attached Answer,
- A brief in support of attorneys' fees submitted by Appellants' counsel dated April 21, 2006, including attachments being Exhibits WWWW through EEEEE.

**DOES THE EAJA APPLICATION MEET EAJA REQUIREMENTS:**

An EAJA application must be complete and timely filed. I will separately discuss each of these requirements.

**A. Completeness**

I find Appellants' request for attorney's fees does not meet the requirements for an EAJA application. Title 7 of the Code of Federal Regulations, Section 1.190(a) through (e) outlines the required contents of an EAJA application. Generally, an application must:

a. Identify the applicant and the proceedings for which applicants seek an award. The applicant must show that they prevailed and identify the position of the Department that they allege was not substantially justified and state the basis for such allegation.

Or, show the Departments position was substantially in excess of, and was unreasonable when compared with the decision in the proceeding.

b. Include a declaration that the applicant is a small entity as defined in 5 U.S.C. 601 or a statement that the applicant's net worth does not exceed $2 million.

c. State the amount of fees and expenses for which an award is sought

d. Include any other matters the applicant wishes considered in determining whether, and in what amount, an award should be made.

e. Be signed by the applicant or authorized attorney of the applicant and contain written verification under oath or affirmation under penalty of perjury that the information provided in the application and all accompanying material is true and complete to the best of the signor's information and belief.

Appellants initial request for attorney's fees is contained in a letter dated February 21, 2006. Item 5.4 of that letter says:

> "Attorneys' fees: The Bruhns were forced to expend money for attorneys and experts to establish the NRCS and FSA actions were incorrect. The County Committee did not express an opinion on this, we seek a determination FSA should pay these substantial costs. We are unable to determine whether this is within the scope of relief available through this venue. Full recovery is sought."

Appellants' February 21, 2006, request does not meet any of the requisite elements (a) through (e) of section 1.190. The above request for attorney's fees does not constitute a complete EAJA application.

After this EAJA proceeding commenced, and in rebuttal to FSA's answer, Appellants submitted a complete EAJA application with their April 21, 2006, response. While I find it reasonable for a party to amend an initially deficient application, Appellant does more than amend their initial request for attorneys' fees. They submit a complete EAJA application where one did not exist before and after FSA has already answered Appellants initial request for attorneys' fees. I look to Appellant's initial request to decide whether they submitted a complete EAJA application. I find Appellants initial request for attorneys' fees dated February 21, 2006, does not meet EAJA application requirements.

## B. Timeliness

Appellants' request for attorneys' fees is not timely. Seven C.F.R. 1.193 says that an applicant may file an application no later than 30 days after the final disposition of the proceeding by the Department. The final disposition means the date on which a determination becomes final and is no longer appealable. On November 23, 2005, I issued

determinations concerning all three cases. I stated that my determinations became final determinations of the Department of Agriculture unless a party timely requested a review. Neither FSA nor Appellants filed a request for review. My determinations therefore became final 30 days after receipt by the parties. Allowing seven days for mailing, my determinations became final on December 30, 2005. Appellants therefore had 30 days from December 30, 2005, to file a complete EAJA application. Appellants asked for attorneys' fees on February 21, 2006. Appellants' request for attorneys' fees was not within the regulatory timeframe.

Appellants contend their request is timely because this is an on-going matter until they receive FSA program benefits to which they are entitled. They argue my determinations removed one impediment for them to obtain such benefits. Any request for attorneys' fees must come within 30 days after a determination becomes final. If this is an on-going matter as Appellants argue, then it logically follows that USDA has not yet rendered a final determination and the 30-day clock has not yet started to run. If I accept Appellants' arguments, then their request for attorneys' fees is premature.

Because I decide Appellants did not file a complete or timely application under EAJA, I need not address the remaining EAJA criteria of whether Appellants were the prevailing parties, whether the Department's position was substantially justified, or whether Appellants' counsels' fees and expenses were reasonable.

**IT IS HEREBY DETERMINED:**

Appellants' February 21, 2006, request for attorneys' fees does not constitute a complete EAJA application and is not timely. Appellants do not meet the conditions of eligibility for an award of EAJA fees and expenses.

The fees requested are denied.

**FURTHER:**

The parties may seek a review of this decision in accordance with 7 C.F.R. Section 1.201(a). If neither party seeks a review of this decision, it shall become a final decision of USDA 35 days after it is served upon the applicant.

A review of this decision shall be requested in accordance with the provisions of 7 C.F.R. Sections 1.145 and 1.146. Please note, however, Section 1.189(b)(1) delegates the National Appeals Division Director the authority to take final action on matters pertaining to EAJA arising from appeal determinations by NAD. Therefore, any request for review of this decision should be made to the NAD Director at the National Appeals Division, Eastern Regional Office, located at 8909 Purdue Road, Suite 240, Indianapolis, IN 46268, facsimile number (317) 875-9674.

Dated and mailed this 1st of June 2006.

Micheal R. Stewart

MICHEAL R STEWART
Hearing Officer
National Appeals Division

Copies of this EAJA APPLICATION DETERMINATION mailed postage paid to:

APPELLANTS
Alan Bruhn
14535 Walnut Ave
Mapleton, IA 51034

Calvin Bruhn
14535 Walnut Ave
Mapleton, IA 51034

APPELLANTS' REPRESENTATIVES
David Domina
DominaLaw Group PC
2425 S. 144th St
Omaha, NE 68144

Michael Stumo
DominaLaw Group PC
2425 S. 144th St
Omaha, NE 68144

AGENCY REPRESENTATIVES
Michael Musel
Farm Service Agency
10500 Buena Vista Ct
Des Moines, IA 50322

Susan Badding
Farm Service Agency
PO Box 118
Onawa, IA 51090

AGENCY ADMINISTRATOR
Administrator
Farm Service Agency
1400 Independence Ave, SW
Room 6722-S
Washington, DC 20250

AGENCY COUNSEL
Ruth Worthington
Office of General Counsel
6501 Beacon Dr, Mail Stop 1401
Kansas City, MO 64133

AGENCY STATE APPEALS COORDINATOR
Farm Service Agency
10500 Buena Vista Ct
Des Moines, IA 50322

NATIONAL APPEALS DIVISION EXTERNAL AFFAIRS OFFICER
Larry Shrum
National Appeals Division
3101 Park Center Dr, Ste 1100
Alexandria, VA 22302

**EXHIBIT 7**

UNITED STATES DEPARTMENT OF AGRICULTURE
OFFICE OF THE SECRETARY
NATIONAL APPEALS DIVISION

| | | |
|---|---|---|
| In the matter of | ) | |
| | ) | |
| ALAN BRUHN | ) | |
| CALVIN BRUHN | ) | |
| | ) | |
| and | ) | EAJA Case No. 2005E000785 |
| | ) | |
| FARM SERVICE AGENCY | ) | |

## EAJA APPLICATION DETERMINATION

**BACKGROUND:**

On November 23, 2005, I issued appeal determinations in case numbers 2005E000784, 2005E000785, and 2005E000786 concerning the Farm Service Agency's (FSA's) adverse decisions all dated March 29, 2005. I decided FSA erred by not granting a "good faith" exemption based on its conclusion Appellants were not following a conservation plan on highly erodible land (HEL). FSA based its decisions on Natural Resource Conservation Service (NRCS) technical determinations that Appellants failed to fully implement conservations plans on three of Appellant's farms and thus failed to limit soil loss. I found NRCS erred in its soil loss estimates and that Appellants did control soil loss in 2004. Consequently, I decided FSA erred in denying a "good faith" exemption.

Neither FSA nor Appellants requested a review of my determinations. Accordingly, my determinations became the final determinations of the United States Department of Agriculture (USDA) 30 days after issuance (December 23, 2005).

On February 21, 2006, Appellants requested reimbursement of attorneys' fees and costs. The National Appeals Division (NAD) assigned this matter to me and I was the adjudicating official on the underlying appeal that is the basis for this application.

On March 16, 2006, I notified FSA and its counsel that Appellants filed a request for attorneys' fees and expenses. I told FSA and its counsel that it could file an answer within 30 days ending on April 15, 2006. On March 30, 2006, FSA's counsel formally responded in a timely manner to the EAJA application. I also told Appellants that should FSA file an answer, they had 15 days (ending on April 30, 2006) to file a reply. On April 21, 2006, Appellants' counsel filed a timely formal response to the agency's answer.

I deem Appellants' request for attorneys' fees and expenses as an Equal Access to Justice Act (EAJA) application by authority of Title 5 United States Code Section 504 and Title 7 of the Code of Federal Regulations (7 C.F.R.), Sections 1.180 through 1.203.

## STATEMENT OF THE CASE:

There are four issues that require a determination on the merits: 1) does Appellants' application meet EAJA requirements, ***if yes***; 2) have Appellants prevailed over USDA; ***if yes***, 3) were the agency's actions or decision substantially justified; and ***if no,*** 4) are the claimed fees and expenses authorized under the law.

The agency maintains that Appellants' request for attorney's fees does not meet regulatory requirements for an EAJA application.

Appellants contend this is an ongoing case because USDA has not yet paid benefits they would have otherwise received had it not been for FSA's adverse decisions. Appellants contend their application for attorney fees is timely because my November 23, 2005, determination did not resolve the matter but removed one barrier for them to collect program benefits.

Neither FSA, FSA's counsel, Appellants, nor Appellants' counsel requested further proceedings pursuant to 7 C.F.R. Section 1.199. I therefore decide this matter based on the written record consisting of:

- Appellants' February 21, 2006, request for attorneys' fees and expenses (specifically paragraph 5.4),
- My Notice of Request for Attorney Fees and Expenses dated March 16, 2006, including two attachments being the above letter of February 21, 2006, and a letter dated March 9, 2006, from Natalie German, NAD Deputy Assistant Director to Appellants' counsel,
- Agency counsel's letter of March 30, 2006, and attached Answer,
- A brief in support of attorneys' fees submitted by Appellants' counsel dated April 21, 2006, including attachments being Exhibits WWWW through EEEEE.

## DOES THE EAJA APPLICATION MEET EAJA REQUIREMENTS:

An EAJA application must be complete and timely filed. I will separately discuss each of these requirements.

### A. Completeness

I find Appellants' request for attorney's fees does not meet the requirements for an EAJA application. Title 7 of the Code of Federal Regulations, Section 1.190(a) through (e) outlines the required contents of an EAJA application. Generally, an application must:

a. Identify the applicant and the proceedings for which applicants seek an award. The applicant must show that they prevailed and identify the position of the Department that they allege was not substantially justified and state the basis for such allegation.

Or, show the Departments position was substantially in excess of, and was unreasonable when compared with the decision in the proceeding.

b. Include a declaration that the applicant is a small entity as defined in 5 U.S.C. 601 or a statement that the applicant's net worth does not exceed $2 million.

c. State the amount of fees and expenses for which an award is sought

d. Include any other matters the applicant wishes considered in determining whether, and in what amount, an award should be made.

e. Be signed by the applicant or authorized attorney of the applicant and contain written verification under oath or affirmation under penalty of perjury that the information provided in the application and all accompanying material is true and complete to the best of the signor's information and belief.

Appellants initial request for attorney's fees is contained in a letter dated February 21, 2006. Item 5.4 of that letter says:

> "Attorneys' fees: The Bruhns were forced to expend money for attorneys and experts to establish the NRCS and FSA actions were incorrect. The County Committee did not express an opinion on this, we seek a determination FSA should pay these substantial costs. We are unable to determine whether this is within the scope of relief available through this venue. Full recovery is sought."

Appellants' February 21, 2006, request does not meet any of the requisite elements (a) through (e) of section 1.190. The above request for attorney's fees does not constitute a complete EAJA application.

After this EAJA proceeding commenced, and in rebuttal to FSA's answer, Appellants submitted a complete EAJA application with their April 21, 2006, response. While I find it reasonable for a party to amend an initially deficient application, Appellant does more than amend their initial request for attorneys' fees. They submit a complete EAJA application where one did not exist before and after FSA has already answered Appellants initial request for attorneys' fees. I look to Appellant's initial request to decide whether they submitted a complete EAJA application. I find Appellants initial request for attorneys' fees dated February 21, 2006, does not meet EAJA application requirements.

## B. Timeliness

Appellants' request for attorneys' fees is not timely. Seven C.F.R. 1.193 says that an applicant may file an application no later than 30 days after the final disposition of the proceeding by the Department. The final disposition means the date on which a determination becomes final and is no longer appealable. On November 23, 2005, I issued

determinations concerning all three cases. I stated that my determinations became final determinations of the Department of Agriculture unless a party timely requested a review. Neither FSA nor Appellants filed a request for review. My determinations therefore became final 30 days after receipt by the parties. Allowing seven days for mailing, my determinations became final on December 30, 2005. Appellants therefore had 30 days from December 30, 2005, to file a complete EAJA application. Appellants asked for attorneys' fees on February 21, 2006. Appellants' request for attorneys' fees was not within the regulatory timeframe.

Appellants contend their request is timely because this is an on-going matter until they receive FSA program benefits to which they are entitled. They argue my determinations removed one impediment for them to obtain such benefits. Any request for attorneys' fees must come within 30 days after a determination becomes final. If this is an on-going matter as Appellants argue, then it logically follows that USDA has not yet rendered a final determination and the 30-day clock has not yet started to run. If I accept Appellants' arguments, then their request for attorneys' fees is premature.

Because I decide Appellants did not file a complete or timely application under EAJA, I need not address the remaining EAJA criteria of whether Appellants were the prevailing parties, whether the Department's position was substantially justified, or whether Appellants' counsels' fees and expenses were reasonable.

**IT IS HEREBY DETERMINED:**

Appellants' February 21, 2006, request for attorneys' fees does not constitute a complete EAJA application and is not timely. Appellants do not meet the conditions of eligibility for an award of EAJA fees and expenses.

The fees requested are denied.

**FURTHER:**

The parties may seek a review of this decision in accordance with 7 C.F.R. Section 1.201(a). If neither party seeks a review of this decision, it shall become a final decision of USDA 35 days after it is served upon the applicant.

A review of this decision shall be requested in accordance with the provisions of 7 C.F.R. Sections 1.145 and 1.146. Please note, however, Section 1.189(b)(1) delegates the National Appeals Division Director the authority to take final action on matters pertaining to EAJA arising from appeal determinations by NAD. Therefore, any request for review of this decision should be made to the NAD Director at the National Appeals Division, Eastern Regional Office, located at 8909 Purdue Road, Suite 240, Indianapolis, IN 46268, facsimile number (317) 875-9674.

Dated and mailed this 1st of June 2006.

MICHEAL R STEWART
Hearing Officer
National Appeals Division

Copies of this EAJA APPLICATION DETERMINATION mailed postage paid to:

APPELLANTS
Alan Bruhn
14535 Walnut Ave
Mapleton, IA 51034

Calvin Bruhn
14535 Walnut Ave
Mapleton, IA 51034

APPELLANTS' REPRESENTATIVES
David Domina
DominaLaw Group PC
2425 S. 144th St
Omaha, NE 68144

Michael Stumo
DominaLaw Group PC
2425 S. 144th St
Omaha, NE 68144

AGENCY REPRESENTATIVES
Michael Musel
Farm Service Agency
10500 Buena Vista Ct
Des Moines, IA 50322

Susan Badding
Farm Service Agency
PO Box 118
Onawa, IA 51090

AGENCY ADMINISTRATOR
Administrator
Farm Service Agency
1400 Independence Ave, SW
Room 6722-S
Washington, DC 20250

AGENCY COUNSEL
Ruth Worthington
Office of General Counsel
6501 Beacon Dr, Mail Stop 1401
Kansas City, MO 64133

AGENCY STATE APPEALS COORDINATOR
Farm Service Agency
10500 Buena Vista Ct
Des Moines, IA 50322

NATIONAL APPEALS DIVISION EXTERNAL AFFAIRS OFFICER
Larry Shrum
National Appeals Division
3101 Park Center Dr, Ste 1100
Alexandria, VA 22302

**EXHIBIT 8**

**UNITED STATES DEPARTMENT OF AGRICULTURE**
**OFFICE OF THE SECRETARY**
**NATIONAL APPEALS DIVISION**

| | | |
|---|---|---|
| In the matter of | ) | |
| | ) | |
| ALAN BRUHN | ) | |
| CALVIN BRUHN | ) | |
| | ) | |
| and | ) | EAJA Case No. 2005E000786 |
| | ) | |
| FARM SERVICE AGENCY | ) | |

## EAJA APPLICATION DETERMINATION

**BACKGROUND:**

On November 23, 2005, I issued appeal determinations in case numbers 2005E000784, 2005E000785, and 2005E000786 concerning the Farm Service Agency's (FSA's) adverse decisions all dated March 29, 2005. I decided FSA erred by not granting a "good faith" exemption based on its conclusion Appellants were not following a conservation plan on highly erodible land (HEL). FSA based its decisions on Natural Resource Conservation Service (NRCS) technical determinations that Appellants failed to fully implement conservations plans on three of Appellant's farms and thus failed to limit soil loss. I found NRCS erred in its soil loss estimates and that Appellants did control soil loss in 2004. Consequently, I decided FSA erred in denying a "good faith" exemption.

Neither FSA nor Appellants requested a review of my determinations. Accordingly, my determinations became the final determinations of the United States Department of Agriculture (USDA) 30 days after issuance (December 23, 2005).

On February 21, 2006, Appellants requested reimbursement of attorneys' fees and costs. The National Appeals Division (NAD) assigned this matter to me and I was the adjudicating official on the underlying appeal that is the basis for this application.

On March 16, 2006, I notified FSA and its counsel that Appellants filed a request for attorneys' fees and expenses. I told FSA and its counsel that it could file an answer within 30 days ending on April 15, 2006. On March 30, 2006, FSA's counsel formally responded in a timely manner to the EAJA application. I also told Appellants that should FSA file an answer, they had 15 days (ending on April 30, 2006) to file a reply. On April 21, 2006, Appellants' counsel filed a timely formal response to the agency's answer.

I deem Appellants' request for attorneys' fees and expenses as an Equal Access to Justice Act (EAJA) application by authority of Title 5 United States Code Section 504 and Title 7 of the Code of Federal Regulations (7 C.F.R.), Sections 1.180 through 1.203.

**STATEMENT OF THE CASE:**

There are four issues that require a determination on the merits: 1) does Appellants' application meet EAJA requirements, ***if yes***; 2) have Appellants prevailed over USDA; ***if yes***, 3) were the agency's actions or decision substantially justified; and ***if no***, 4) are the claimed fees and expenses authorized under the law.

The agency maintains that Appellants' request for attorney's fees does not meet regulatory requirements for an EAJA application.

Appellants contend this is an ongoing case because USDA has not yet paid benefits they would have otherwise received had it not been for FSA's adverse decisions. Appellants contend their application for attorney fees is timely because my November 23, 2005, determination did not resolve the matter but removed one barrier for them to collect program benefits.

Neither FSA, FSA's counsel, Appellants, nor Appellants' counsel requested further proceedings pursuant to 7 C.F.R. Section 1.199. I therefore decide this matter based on the written record consisting of:

- Appellants' February 21, 2006, request for attorneys' fees and expenses (specifically paragraph 5.4),
- My Notice of Request for Attorney Fees and Expenses dated March 16, 2006, including two attachments being the above letter of February 21, 2006, and a letter dated March 9, 2006, from Natalie German, NAD Deputy Assistant Director to Appellants' counsel,
- Agency counsel's letter of March 30, 2006, and attached Answer,
- A brief in support of attorneys' fees submitted by Appellants' counsel dated April 21, 2006, including attachments being Exhibits WWWW through EEEEE.

**DOES THE EAJA APPLICATION MEET EAJA REQUIREMENTS:**

An EAJA application must be complete and timely filed. I will separately discuss each of these requirements.

**A. Completeness**

I find Appellants' request for attorney's fees does not meet the requirements for an EAJA application. Title 7 of the Code of Federal Regulations, Section 1.190(a) through (e) outlines the required contents of an EAJA application. Generally, an application must:

a. Identify the applicant and the proceedings for which applicants seek an award. The applicant must show that they prevailed and identify the position of the Department that they allege was not substantially justified and state the basis for such allegation.

Or, show the Departments position was substantially in excess of, and was unreasonable when compared with the decision in the proceeding.

b. Include a declaration that the applicant is a small entity as defined in 5 U.S.C. 601 or a statement that the applicant's net worth does not exceed $2 million.

c. State the amount of fees and expenses for which an award is sought

d. Include any other matters the applicant wishes considered in determining whether, and in what amount, an award should be made.

e. Be signed by the applicant or authorized attorney of the applicant and contain written verification under oath or affirmation under penalty of perjury that the information provided in the application and all accompanying material is true and complete to the best of the signor's information and belief.

Appellants initial request for attorney's fees is contained in a letter dated February 21, 2006. Item 5.4 of that letter says:

> "Attorneys' fees: The Bruhns were forced to expend money for attorneys and experts to establish the NRCS and FSA actions were incorrect. The County Committee did not express an opinion on this, we seek a determination FSA should pay these substantial costs. We are unable to determine whether this is within the scope of relief available through this venue. Full recovery is sought."

Appellants' February 21, 2006, request does not meet any of the requisite elements (a) through (e) of section 1.190. The above request for attorney's fees does not constitute a complete EAJA application.

After this EAJA proceeding commenced, and in rebuttal to FSA's answer, Appellants submitted a complete EAJA application with their April 21, 2006, response. While I find it reasonable for a party to amend an initially deficient application, Appellant does more than amend their initial request for attorneys' fees. They submit a complete EAJA application where one did not exist before and after FSA has already answered Appellants initial request for attorneys' fees. I look to Appellant's initial request to decide whether they submitted a complete EAJA application. I find Appellants initial request for attorneys' fees dated February 21, 2006, does not meet EAJA application requirements.

## B. Timeliness

Appellants' request for attorneys' fees is not timely. Seven C.F.R. 1.193 says that an applicant may file an application no later than 30 days after the final disposition of the proceeding by the Department. The final disposition means the date on which a determination becomes final and is no longer appealable. On November 23, 2005, I issued

determinations concerning all three cases. I stated that my determinations became final determinations of the Department of Agriculture unless a party timely requested a review. Neither FSA nor Appellants filed a request for review. My determinations therefore became final 30 days after receipt by the parties. Allowing seven days for mailing, my determinations became final on December 30, 2005. Appellants therefore had 30 days from December 30, 2005, to file a complete EAJA application. Appellants asked for attorneys' fees on February 21, 2006. Appellants' request for attorneys' fees was not within the regulatory timeframe.

Appellants contend their request is timely because this is an on-going matter until they receive FSA program benefits to which they are entitled. They argue my determinations removed one impediment for them to obtain such benefits. Any request for attorneys' fees must come within 30 days after a determination becomes final. If this is an on-going matter as Appellants argue, then it logically follows that USDA has not yet rendered a final determination and the 30-day clock has not yet started to run. If I accept Appellants' arguments, then their request for attorneys' fees is premature.

Because I decide Appellants did not file a complete or timely application under EAJA, I need not address the remaining EAJA criteria of whether Appellants were the prevailing parties, whether the Department's position was substantially justified, or whether Appellants' counsels' fees and expenses were reasonable.

**IT IS HEREBY DETERMINED:**

Appellants' February 21, 2006, request for attorneys' fees does not constitute a complete EAJA application and is not timely. Appellants do not meet the conditions of eligibility for an award of EAJA fees and expenses.

The fees requested are denied.

**FURTHER:**

The parties may seek a review of this decision in accordance with 7 C.F.R. Section 1.201(a). If neither party seeks a review of this decision, it shall become a final decision of USDA 35 days after it is served upon the applicant.

A review of this decision shall be requested in accordance with the provisions of 7 C.F.R. Sections 1.145 and 1.146. Please note, however, Section 1.189(b)(1) delegates the National Appeals Division Director the authority to take final action on matters pertaining to EAJA arising from appeal determinations by NAD. Therefore, any request for review of this decision should be made to the NAD Director at the National Appeals Division, Eastern Regional Office, located at 8909 Purdue Road, Suite 240, Indianapolis, IN 46268, facsimile number (317) 875-9674.

Dated and mailed this 1st of June 2006.

MICHEAL R STEWART
Hearing Officer
National Appeals Division

Copies of this EAJA APPLICATION DETERMINATION mailed postage paid to:

APPELLANTS
Alan Bruhn
14535 Walnut Ave
Mapleton, IA 51034

Calvin Bruhn
14535 Walnut Ave
Mapleton, IA 51034

APPELLANTS' REPRESENTATIVES
David Domina
DominaLaw Group PC
2425 S. 144th St
Omaha, NE 68144

Michael Stumo
DominaLaw Group PC
2425 S. 144th St
Omaha, NE 68144

AGENCY REPRESENTATIVES
Michael Musel
Farm Service Agency
10500 Buena Vista Ct
Des Moines, IA 50322

Susan Badding
Farm Service Agency
PO Box 118
Onawa, IA 51090

AGENCY ADMINISTRATOR
Administrator
Farm Service Agency
1400 Independence Ave, SW
Room 6722-S
Washington, DC 20250

AGENCY COUNSEL
Ruth Worthington
Office of General Counsel
6501 Beacon Dr, Mail Stop 1401
Kansas City, MO 64133

AGENCY STATE APPEALS COORDINATOR
Farm Service Agency
10500 Buena Vista Ct
Des Moines, IA 50322

NATIONAL APPEALS DIVISION EXTERNAL AFFAIRS OFFICER
Larry Shrum
National Appeals Division
3101 Park Center Dr, Ste 1100
Alexandria, VA 22302