**No. 06-258**
**(Judge Christine O.C. Miller)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**ALAN BRUHN and CALVIN BRUHN,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

---

## SUMMARY

1. Plaintiffs claim money damages, not reinstatement of farm program benefits owed. The U.S. Court of Federal Claims has jurisdiction over suits against the Government for money damages. The U.S. District Courts have *Administrative Procedures Act* jurisdiction to review final agency decisions and compel the Government to act consistently with statutory or regulatory mandates.

2. The Government's Rule 12(b)(1) Motion incorrectly confines two jurisdictional definitions, and different venues, with lengthy, unrelated facts outside the Complaint. But the law is clear. Jurisdiction lies here.

3. Plaintiffs Alan and Calvin Bruhn seek money damages for: (1) the government's breach of a farm program contract that caused direct, incidental and consequential damages; and (2) general and special money damages for constitutional violations by the federal government, through its employees.

## ANSWERS TO GOVERNMENT'S QUESTIONS PRESENTED

Question 1. Whether this court possesses subject matter jurisdiction pursuant to the *Tucker Act* and 7 *USC* § 6999 to overturn administrative actions of the National Appeals Division of the United States Department of Agriculture.

Answer: This Court possesses jurisdiction because the *Tucker Act* conveys authority to determine money damages claims arising from breach of contract and Constitutional violations. Review of agency decisions by a U.S. District Court is applicable only to grant or reinstatement of farm program benefits.

Question 2: Whether Plaintiffs have properly exhausted their administrative claims as required by 7 *USC* § 6912(e).

Answer: No exhaustion of administrative claims is required because neither the U.S. Department of Agriculture nor a reviewing U.S. District Court has the authority to award money damages for contract breach or constitutional violations. The Court of Federal Claims addresses money damages claims outside the scope of available administrative relief.

## STATEMENT OF FACTS

4. Plaintiffs Alan Bruhn and his son, Calvin Bruhn, are Mapleton, Iowa row crop farmers. They farm approximately 11,000 acres in Woodbury, Monona, and Crawford counties. (Complaint, ¶1).

5. The Bruhns entered into Farm Bill contracts with USDA for the 2002, 2003 and 2004 crop years. Alan Bruhn signed these contracts for himself, his son, Calvin and his then-wife, Sheryl. USDA signed these contracts through its agent, Susan Badding, who was technically an agent of the USDA's Commodity Credit Corporation for signatory purposes. (Complaint, ¶26).

6. These farm program contracts obliged the Bruhns, among other duties, to comply with USDA regulations including the Highly Erodible Land (HEL) provisions of the Farm Bill and underlying regulations. (Complaint, ¶29).

7. USDA was obliged, under the contracts, to apply the conservation rules properly, to exercise good faith and fair dealing in contracts, and to pay Farm Program benefits. (Complaint, ¶64, 65).

8. USDA breached the contracts in that the Natural Resources Conservation Service (NRCS) imposed wrongful HEL standards for all contracts and

wrongly found the Bruhns non-compliant with those wrongfully applied standards in 2004. These actions were contract breaches. (Complaint, ¶66, 68).

9. The National Appeals Division of the USDA has established this material contract breach. (Complaint, ¶68).

10. The Bruhns claim direct, incidental and consequential damages from this material contract breach. (Complaint ¶69).

11. Fifth Amendment Equal Protection violations are also alleged. The Bruhns assert they were treated different from similarly situated farmers, the NRCS recognized this, but continued doing so. (Complaint ¶70-72).

12. The Bruhns were singled out arbitrarily, intentionally and discriminatorily by USDA which violated their Fifth Amendment right under the U.S. Constitution, to be free from this arbitrary and discriminatory treatment. (Complaint ¶73, 74).

13. The Bruhns claim money damages for this Equal Protection violation. (Complaint ¶77).

14. Lastly, the Bruhns assert USDA violated their Due Process rights under the U.S. Constitution, Fifth Amendment. Specifically they did not receive a fair hearing at any level within the USDA review process because:

14.1 USDA staff applied arbitrary, discriminatory and unsupportable standards; and

14.2 USDA staff previously consulted and decided they were unwilling to objectively listen to, review and consider Alan and Calvin Bruhns' appeals.

(Complaint ¶79).

15. The decisions made during that process were made for reasons other than merit and were based upon a desire to see the Bruhn farm removed from farm production. (Complaint ¶80).

16. Damages for this Due Process violation are claimed.

**STANDARD OF REVIEW**

17. The standard of review for *RCFC* 12 (b) (1) Subject Matter Jurisdiction Challenges is well established:

> The burden of proving that the Court of Federal Claims has subject matter jurisdiction over a claim rests with the party seeking to invoke its jurisdiction. At the pleading stage, general factual allegations may suffice to meet this burden, for on a motion to dismiss the court "presumes that general allegations embrace those specific facts that are necessary to support the claim." However, because proper jurisdiction is not merely a pleading requirement, "but rather an indispensable part of the plaintiff's case, each element [of subject matter jurisdiction] must be supported in the same way as any other matter on which plaintiff bears the burden of proof." Therefore, as the parties invoking federal jurisdiction in this action, plaintiffs bear the burden of pleading the facts upon the court's jurisdiction depends.

*Baker v. U.S.*, 50 Fed Cl 483 (2001) (internal citations omitted.)

**APPLICABLE STATUTES**

18. The jurisdictional statute for the U.S. Court of Federal Claims is 7 *USC* § 1491 states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or liquidated or unliquidated damages in cases not sounding in tort. . . . .

7 *USC* § 1491(a)(1).

19. The authority for U.S. District Courts to review National Appeals Division decisions arises from 7 *USC* § 6999 which states:

> A final determination of the Division shall be reviewable and enforceable by any United States District Court of competent jurisdiction in accordance with Chapter 7 of Title V.

20. The *Administrative Procedures Act* Judicial Review Section referred to in 7 *USC* §6999 is 5 *USC* §702, establishing the right of judicial review of Agency decisions.

> A person suffering legal wrong because of any Agency action . . . is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages . . . shall not be dismissed nor relief therein be denied on the ground that it is against the United States . . .

5 *USC* § 702 (emphasis added).

21. Section 704 of the *Administrative Procedures Act* also states:

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.

5 *USC* §704

22. National Appeals Division review of USDA staff actions are governed by 7 CFR §11.3, which limits NAD review to these topics:

> (1) Denial of participation in, or receipt of benefits under, any program of an agency;
>
> (2) Compliance with program requirements;
>
> (3) The making or amount of payments or other program benefits to a participant in any program of an agency;
>
> (4) A determination that a parcel of land is a wetland or highly erodible land.

23. Additionally, the Director of the National Appeals Division, though not the Hearing Officers, have the right to grant "equitable relief," as per this regulation.

> Equitable relief. In reaching a decision on an appeal, the Director shall have the authority to grant equitable relief under this part in the same manner and to the same extent as such authority is provided an agency under applicable laws and regulations.

7 CFR § 11.9(e).

24. The statutory authority for equitable relief is found at 7 *USC* § 7996 which states, in relevant part:

> (b) Equitable Relief.
>
> The secretary may provide relief to any participant that is determined to be not in compliance with the requirements of a

covered program, and therefore ineligible for a loan, payment, or other benefit under the covered program, if the participant -

(1) acting in good faith, relied on the action or advice of the secretary (including any authorized representative of the secretary, to the detriment of the participant; or

(2) failed to comply fully with the requirements of the covered program, but made a good faith effort to comply with the requirements.

(c) Forms of Relief.

The secretary may authorize a participant in a covered program to –

(1) retain loans, payments or other benefits received under the covered program;

(2) continue to receive loans, payments, and other benefits under the covered programs;

(3) continue to participate in, in whole or in part, under any contract executed under the covered program;

(4) in the case of a conservation program, re-enroll all or part of the land covered by the program; and

(5) reach such other equitable relief as the secretary determines to be appropriate.

7 *USC* § 7996.

**ARGUMENT**

25. The Government's proposition - that the only route to redress for a citizen arising out of USDA Farm Program issues is through U.S. District Court review of Agency determinations - has long been discredited. Both U.S. Supreme Court, and this Court have recognized that the Court of Federal Claims has *Tucker Act* jurisdiction over money damages issues, while U.S. District Court has *Administrative Procedures Act* jurisdiction over agency decisions on granting, denying or reinstating benefits.

26. This is a money damages case. Relief sought is within this Court's jurisdiction and the right to this relief does not reside at a different judicial address.

***Bowen v. Massachusetts***

27. The seminal case distinguishing money damages from specific benefit relief is *Bowen v. Massachusetts*, 487 US 879, 893-94 108 S Ct 2722, 101 L Ed 2d 749 (1988). *Bowen* arose from a U.S. District Court's *APA* review of an agency decision denying the State of Massachusetts sought money it believed the federal government owed pursuant to statute. The government argued lack of District Court jurisdiction, stating that because the the State of Massachusetts sought money, only the Court of Federal Claims could award "money damages." The Supreme Court rejected the government's argument.

28. The *Bowen* court wrote at length about the definition of the term "money damages", as distinguished from relief within the *Administrative Procedures Act*.

> "Our cases have long recognized the distinction between an action at law for damages – which are intended to provide a victim with monetary compensation for an injury to his person, property or reputation – and an equitable action for specific relief – which may include an order providing for the reinstatement of an employee with back pay, or for the recovery of specific property or monies, ejectment from land, or injunction either directing or restraining the defendant officer's actions."

*Id* at 893-94.

29. The term "money damages" and "monetary relief" both involve the payment of money, but are different in the basis for entitlement. Quoting Judge Bork, the Supreme Court wrote:

> The term "money damages", 5 *USC* § 702, we think, normally refers to a sum of money used as compensatory relief. Damages are given to the plaintiff to substitute for a suffered loss, whereas specific remedies are not substitute remedies at all, but attempts to give the plaintiff the very thing to which he was entitled.

*Id*. at 895.

30. The distinction becomes whether a plaintiff seeks damages for the government's failure to abide by a duty, rather than monies specifically allowed by a statutory or regulatory obligation. The former is substitution for a loss stemming from

the governmental violation, while the latter is merely determining entitlement to the specific benefits the government should have previously paid.

31. The *Bowen* court found the Districut Court had APA jurisdiction – as opposed to Claims Court money damages jurisdiction - to review Massachusetts' claim for money because the State sought the very dollars the statute prescribed.

> We therefore hold that [plaintiffs] claims for specific relief, albeit monetary, are for "relief other than money damages."

*Id*. at 900.

32. Stated yet another way, the *Bowen* court said:

> [The state] is seeking funds to which a statute allegedly entitles it, rather than money and compensation for the losses, whatever they may be, that [the state] will suffer or has suffered by virtue of the withholding of those funds.

*Id*. at 901.

33. Thus, the failure of a federal agency to pay the specific money owed pursuant to a statute is not "monetary damages" placing the topic outside U.S. District Court jurisdiction, but are rather reviewable agency decisions under the *APA* as per 5 *USC* § 702. *Id.* at 910.

**34.** This means Claims Court jurisdiction exists for money damages, even if parallel administrative proceedings continue in another area of inquiry.

**Court of Federal Claims Application of *Bowen***

35. This Court has previously determined it has jurisdiction over crop producer claims for money damages arising from USDA's breach of a Farm Program contract, without regard to availability of administrative remedies. *Baker v. U.S.*, 50 Fed Cl 483 (2001).

36. In *Baker*, farmers who obtained a loan guarantee from the USDA Farm Services Agency (FSA) pursuant to the *Consolidated Farm and Rural Development Act* (CFRDA) brought suit alleging that agency delay in issuing the loan guarantee amounted to breach of contract, due process violation under the Fifth Amendment, and other common law claims. *Id*.

37. The *Baker* plaintiffs countered by stating their action was based upon a contractual relationship with USDA. *Baker* arose, in part, upon USDA's failure and refusal to implement a prior NAD appeal determination. *Id*. at 498. Nonetheless, the Court of Federal Claims found subject matter jurisdiction existed over breach of contract claim against the USDA for breach of the Farm Program contract.

> To establish a contract with the government, plaintiff must show (1) mutuality of intent to contract; (2) consideration; (3) lack of ambiguity and offer and acceptance; and (4) actual authority of the government representative whose conduct is relied upon to bind the government in the contract.

*Id.*

38. Here, the Government has not challenged the existence of the elements of a contract breach claim. Indeed, the Government must accept that these elements, alleged in the Complaint, are true. The Government also has not challenged whether Due Process and Equal Protection allegations are properly pled.

39. No case holds money damages may not be pursued for the Government's breach of a farm program contract. The Government here merely is trying to engulf all possible claims arising from the transaction or occurrence of USDA wrongful ineligibility finding, so the USDA internal review process is the only venue for resolution.

**The Exhaustion Doctrine Does Not Apply**

40. The Government cites *Farmers & Merchants Bank of Eatonton, GA. v. United States* in support of its proposition that plaintiffs have failed to exhaust administrative remedies. 43 F Cl 38, 43 (1999). However, that case involved a bank seeking recovery from the FSA for a loan deficiency resulting from a farm producer defaulting on its loan. An administrative remedy existed for the entirety of this deficiency claim, an administrative claim the plaintiff did not pursue. Id at 43.

41. The *Farmers & Merchants* case follows the *Bowen* Court's directive that monetary relief prescribed by a statute or regulation is not "money damages" within claims court jurisdiction. *Bowen v U.S.*, supra, 487 US at 900. In other words, the

Plaintiff in *Farmer and Merchants Bank* merely sought, in Claims Court, the exact relief to which it was entitled in an NAD appeal.

42. Common law damages are, of course, recoverable in breach of contract cases. These damages are direct, incidental and consequential damages, which Plaintiffs explicitly seek. (Complaint ¶ 82). Consequential damages are merely limited by the rules against excessive speculation, a fact question. *Northern Helex Co. v. U.S.*, 524 F 2d 707, 720 (Ct Cl 1975).

43. These money damages cannot be sought in the context of an appeal from an NAD decision the under the relevant APA rules.

"The APA exempts from its waiver of sovereign immunity claims seeking 'money damages' from the government, see 5 *USC* § 702, and claims for which an 'adequate remedy' is available elsewhere, see *Id*. § 704."

*Deaf Smith County Grain Processors, Inc. v. Glickman*, 162 F3d 1206 (DC Cir 1998).

**The Government's Approach**

44. The Government's approach to this case is to test subject matter in this Court or the U.S. District Court, or wherever Mr Bruhn seeks a remedy. Mr Bruh wants his day in court… not several days in several courts. In *Esch v. Yeutter*, farmers sought benefits lost from USDA denial of their participation in agricultural support programs. 876 F2d 976 (DC Cir 1989). The Government challenged jurisdiction stating they claimed money damages, but the Circuit Court on appeal found they merely sought review of the benefit denial. The *Esch* case was filed as a review of USDA determination as to the nature of their farm. See *Esch v. Lyng*, 665 F Supp 6, 12 (DC 1987).

45. The *Esch* case on appeal further illustrates the distinction between "monetary damages" and "other monetary relief" in an APA review of NAD decisions.

> In the District Court, Appellees pressed for annulment of the Departments' decision to suspend $628,055.53 in program payments assertedly due them.

*Esch*, 876 F2d at 977. *See also,* 7 *USC* § 6999, 5 *USC* § 702.

46. The Appellate Court in *Esch* characterized the government's jurisdictional challenge as follows.

> The Department argues that because the only possible effect of the injunction the *Esch's* sought and the Court awarded was to require the secretary to make payments to the Eschs, this action, in effect, was one for monetary relief exceeding $10,000.00 and should have been dismissed or transferred to the Claims Court.

*Id.*

47. The Court framed the "money damages" jurisdictional question in this way:

> "whether the suit is one 'seeking other than money damages' and therefore within § 702's waiver of immunity. It might also be ascertained whether litigation of the controversy in the district court was bound by § 704 because of the availability of an adequate remedy in another court."

*Id.* at 979. After significant analysis, the *Esch* court determined the District Court had APA jurisdiction because plaintiffs "want a redetermination, in a fair and impartial hearing, of this status under the subsidy statutes [which is] not money damages in compensation for the legal injury they allegedly have suffered." Id. at 984.

48. Here, however, the Bruhns do not want a redetermination of benefit allowance. They seek the damages arising from the government's violation of the contract, as a substitute for gains from loans that would have occurred but for the conduct.

49. This case law, and governing statutes and regulations, make clear the monetary relief sought here is classic money damages, rather than a reinstatement of benefits. The Bruhns claim money damages stemming from the USDA's breach of contract, rather than reinstatement of benefits to which they were entitled under the regulations.

**Neither USDA-NAD nor APA Jurisdiction Includes Money Damages**

50. The National Appeals Division cannot award money damages as shown by 7 CFR § 11.3, which allows determination only of decisions denying farm program participation, program compliance, or the making or amount of payments.

51. The equitable relief provisions of USDA authority in the National Appeals Division context also do not allow monetary damages. Rather, equitable relief is allow the maintenance of participation, reinstatement, or retention of payments if there is a finding the producer acted in good faith, though other technical regulatory requirements were not complied with. 7 *USC* § 7996.

52. No statute allows USDA, or a reviewing court under the APA, to award money damages for contract breach. The Court of Federal Claims is the only venue with jurisdiction over money damages awards.

**Waiver of Sovereign Immunity**

53. The U.S. Congress waived sovereign immunity for money damages claims, relating to contract and constitutional violations, by enacting the *Tucker Act*. 28 *USC* § 1491. The common law of contracts, as interpreted by the State of Iowa Common Law, provides the substantive rights upon which the Bruhns base their action. The U.S. Constitution provides the substantive law underlying the Bruhns' Equal Protection and Due Process claims.

54. The Bruhns are appropriately seeking agency review of matters within this Court's jurisdiction, notwithstanding the the Government's claim that jurisdiction lies elsewhere.

55. As the federal circuit said in *Del Rio Drilling Programs v. United States*, "nevertheless, the leases are contractual undertakings by the government upon which citizens are entitled to sue in the Court of Federal Claims." 146 F3d 1358, 1367 (F Cir 1998) (reversing Court of Federal Claims dismissal in a breach of mining contract case against the Department of Interior where the government asserted only U.S. District Court APA jurisdiction was appropriate).

**CONCLUSION**

56. Plaintiffs seek money damages for well established liability claims within the jurisdiction of this Court. They do not seek agency review of remedies duplicative of administrative ones. The Government's motion to dismiss should be overruled.

October 6, 2006.

Alan Bruhn and Calvin Bruhn,
Plaintiffs,

By: ***s/Michael C. Stumo***

Michael C. Stumo
Stumo Law Office
615 Boardman Street
Sheffield, MA 01257
860-379-6199

David A Domina
Domina Law Group pc llo
2425 S 144th St.
Omaha NE 68144 - 3267

**No. 06-258**
**(Judge Christine O.C. Miller)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**ALAN BRUHN and CALVIN BRUHN,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

**CERTIFICATE OF SERVICE**

---

I hereby certify that on October 6, 2006, I filed the **PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to:

Gregg M. Schwind
U.S. Department of Justice
gregg.schwind@usdoj.gov

***s/Michael C. Stumo***
Michael C. Stumo