No. 06-258
(Judge Christine O. C. Miller)

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**ALAN BRUHN AND CALVIN BRUHN,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

In their opposition to the United States' motion to dismiss, the Bruhns attempt to avoid the congressionally-mandated National Appeals Division (NAD) appeals procedure by calling their requested relief "monetary damages." Notwithstanding the name change, plaintiffs fail to offer any reason why this Court is not bound by the plain terms of 7 U.S.C. § 6999 requiring all appeals of final NAD determinations to be brought in the district courts, regardless of how the relief is characterized. For this reason, the Court should dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

In our motion to dismiss, we demonstrated that, because plaintiffs are dissatisfied with the outcome before the NAD and seek the exact same farm program relief requested through the NAD appeal process, judicial review is only proper in a district court. Def's Mot. at 4-6; 6 U.S.C. § 6999; Farmers & Merchants Bank of Eatonton, Ga. v. United States, 43 Fed. Cl. 38, 43

(1999). With respect to NAD review, Congress has supplanted the Tucker Act with a separate review process in the district courts. Id. ("[T]he district courts are intended as the exclusive recourse for a plaintiff dissatisfied with the outcome of the relevant mandatory appeals process.") The Bruhns have no claim in the Court of Federal Claims.

Plaintiffs do not dispute that they have been before the NAD four times seeking relief under their farm benefits contract with the United States. The first three decisions were in plaintiffs' favor, finding that the National Resource Conservation Service (NRCS) did not properly calculate erosion and that the Farm Service Agency (FSA) incorrectly denied plaintiffs a good faith exemption to regulatory requirements. Def's Mot. at 5, citing Exs. 1-3. Plaintiffs then took those decisions and applied for benefits and market losses from the local FSA County Office. The FSA found that certain benefits were in fact payable and had by that time been paid. Id. at 5-6, citing Ex. 5. Specifically, the FSA determined that the Bruhns had been paid all the disaster, direct, and counter-cyclical benefits to which they were entitled under their contract. See id. at Ex. 5 (Plaintiffs do not appear to dispute this in their opposition). However, the FSA County Office denied the claims for marketing assistance loans (related to soybean sealing denial), market losses, and interest. Id. at 5-6, citing Ex. 5.

Plaintiffs then appealed to the NAD the portion of the FSA decision denying relief; this latest appeal was pending before the NAD at the time of our motion to dismiss. See Def's Mot. at 6. However, the NAD Hearing Officer has now issued a decision dated September 29, 2006, which is attached as an exhibit to this reply memorandum. The Hearing Officer found that: (1) plaintiffs were not eligible for the 2004 marketing assistance loans and loan deficiency payments because they did not apply for them; and (2) although the Hearing Officer had no

authority to determine "equitable relief" (market loss damages and interest), plaintiffs could seek these damages directly from the NAD director.

Instead, plaintiffs seek these same damages from this Court. Indeed, plaintiffs' current attempt to rename their relief sought and somehow avoid the jurisdictional bar to NAD appeals to this Court fails to identify a single aspect of the relief requested in their Complaint that is not included in either the FSA County Office decision of the September 29, 2006 NAD appeal decided on September 29, 2006. This is fatal to this Court's jurisdiction. The distinction between "money damages" and "specific relief" due a contract does not save plaintiffs' claims. See Pls.' Opp. at 6-9, citing Bowen v. Massachusetts, 487 U.S. 879 (1988). Whether the claim is for farm program benefits, "money damages" from the denial of farm program benefits, or both, the appeal was brought before the NAD, and jurisdiction over the disappointed claimant's appeal is only in the district court. The statute does not make the distinction that plaintiffs ask this Court to make. See 7 U.S.C. § 6999 ("A final determination of the Division shall be reviewable and enforceable by any United States district court of competent jurisdiction. . . .")

We emphasize that the Bruhns' exact same "money damages" argument was explicitly raised by the plaintiff and rejected by this Court in Farmers & Merchants:

> Farmers next argues that, even if the appeals process is mandatory, the United States Court of Federal Claims may still exercise jurisdiction over its claim, since the relief sought in this court is for money damages. In essence, *Farmers argues that because its present complaint, as plead, is a complaint for money damages, rather than a complaint seeking reversal of the NAD determination, the complaint is not subject to the exclusive district court jurisdiction of 7 U.S.C. § 6999.* The text and legislative history of the 1994 Reorganization Act demonstrate, however, that the district courts are intended as the exclusive recourse for a plaintiff dissatisfied with the outcome of the relevant mandatory appeals process.

See Farmers & Merchants, 43 Fed. Cl. at 43.

Contrary to plaintiffs' suggestion in their brief, this Court's decision in Baker v. United States, 50 Fed. Cl. 483 (2001), does not impact the holding in Farmers & Merchants or otherwise create a remedy in this Court. See Pls.' Opp. at 8-9. The Baker decision is not helpful because the plaintiffs in Baker filed suit challenging the failure of the FSA *to implement* the decision of the NAD, not the NAD decision itself. See Baker, 50 Fed. Cl. at 486. Accordingly, the jurisdictional question in Baker was limited only to whether plaintiffs had adequately pleaded a claim for breach of contract (an agreement with the FSA to implement the final NAD determination), and did not relate in any manner to the question of where jurisdiction to hear an NAD appeal lies. Id. at 487-88. The Court found that because "plaintiffs have pleaded the elements of a contract with the Government[,] jurisdiction is present under the Tucker Act." Id.

In the instant case, the parties agree upon the existence of a farm program contract between plaintiffs and the Government. The issue in dispute is whether the Bruhns' dissatisfaction with the NAD decision is appealable to this Court. Congress has clearly stated that it is not. Farmers & Merchants, 43 Fed. Cl. at 43.

Plaintiffs next assert that recasting their claim as one for money damages avoids the statutory requirement to exhaust administrative remedies. See Pls.' Opp. at 9-10. This argument is equally flawed. The governing statute mandates that the Bruhns exhaust all administrative appeal procedures set up by the Secretary of Agriculture before they can bring an action in any court. 7 U.S.C. § 6912 ("[A] person shall exhaust all administrative appeal procedures established by the Secretary or required by law before the person may bring an action is a court of competent jurisdiction. . . .") Once again, this statute does not make plaintiffs' distinction between "money damages" and other forms of relief.

Plaintiffs' next contend that jurisdiction is proper in this Court because the NAD "cannot award money damages." See Pls.' Opp. at 11-12. This is inaccurate. As the NAD Hearing Officer stated in his November 23, 2005 decisions (see Def's Mot. at Exs. 1-3) and his September 29, 2006 decision (see Ex. A to this Reply), plaintiffs may seek equitable relief directly from the NAD Director. The Bruhns have not availed themselves of this recourse. Therefore, plaintiffs' assertion that the NAD is barred from granting them relief is incorrect and plaintiffs have not exhausted available remedies prior to filing suit.

Finally, plaintiffs fail to provide any basis for this Court to consider their claims under the due process or equal protection clauses of the Constitution. See Pls.' Opp. at 12. As we stated in our motion to dismiss, plaintiffs' recourse after exhausting NAD procedures is to the district regardless of the name plaintiffs attach to their claims. Moreover, it is settled law that a Constitutional provision does not create an action for money damages in the Court of Federal Claims unless the provision "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." United States v. Testan, 424 U.S. 392, 402 (1976); see also Baker, 50 Fed. Cl. at 500 (dismissing plaintiffs' Constitutional claim and citing Federal Circuit precedent for the holding that "no language in the [due process] clause itself requires the payment of money damages for its violation."); Taylor v. United States, No. 05-1045C, 2006 WL 2949283 at *5 n.9 (Fed. Cl. Oct. 13, 2006) ("Neither the Fifth Amendment's due process clause nor the Fourteenth Amendment's equal protection clause mandates the payment of money damages," citing Mullenberg v. United States, 857 F.2d 770, 773 Fed. Cir. 1988). Accordingly, the Court has no jurisdiction over plaintiffs' Constitutional claims.

**CONCLUSION**

For the reasons detailed above and in our motion to dismiss, we respectfully request that the Court dismiss plaintiffs' complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

OF COUNSEL:

JOHN P. VOS
Office of the General Counsel
U.S. Department of Agriculture
P.O. Box 419205, Mail Stop 1401
Kansas City, MO 64141

s/ Gregg M. Schwind
GREGG M. SCHWIND
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tel: (202) 353-2345
Fax: (202) 514-8624

Attorneys for Defendant

October 23, 2006