# EXHIBIT A

COPIES TO: FILE, SED, ADMINISTRATIVE, CONS/COMPL, FARM LOAN PROG, PRODUCTION, PRICE SUPPORT, BRUCE CORCES, OTHER

Loaded

RECEIVED
06 OCT -2 AM 10:28

IA
DAFP
HO Upheld FSA

UNITED STATES DEPARTMENT OF AGRICULTURE
OFFICE OF THE SECRETARY
NATIONAL APPEALS DIVISION

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| ALAN BRUHN | ) | |
| CALVIN BRUHN | ) | |
| | ) | |
| and | ) | Case No. 2006E000449 |
| | ) | |
| FARM SERVICE AGENCY | ) | |
| | ) | |

## APPEAL DETERMINATION

Alan Bruhn (Appellant 1) and Calvin Bruhn (Appellant 2) timely filed an appeal challenging a Farm Service Agency (FSA) decision issued February 14, 2006. FSA told Appellants it was granting some 2004 benefits while denying others. The benefits FSA granted in its determination are not in dispute and I will not address them further. FSA denied payment for commodity loans (also known as marketing assistance loans or MAL's), loan deficiency payments (LDP's), market losses from LDP's, and interest for money lost on the foregoing. In this context, market losses from LDP's means monetary losses resulting from Appellants selling crops at different times and in different ways because LDP's were not available.

FSA contends Appellants did not apply for MAL's or LDP's for the 2004 crop year and funds sought by Appellants are speculative. FSA also argues Appellants may not now seek equitable relief as the National Appeals Division (NAD) previously gave them an opportunity to do so in case numbers 2005E000784, 2005E000785, and 2005E000786.

Appellants argue they relied on inaccurate Natural Resource Conservation Service (NRCS) determinations that they were not actively applying a conservation plan on Highly Erodible Land (HEL). Appellants contend they would have applied for MAL's and LDP's had it not been for NRCS' inaccurate determination that eventually resulted in FSA finding them ineligible for United States Department of Agriculture (USDA) benefits. Appellants assert they believed applications for MAL's or LDP's were futile because FSA found them ineligible for benefits.

I consider Appellants' arguments as a request that the National Appeals Division (NAD) consider equitable relief.

I held an in-person hearing on July 13, 2006. I left the record open to allow the parties to present simultaneous final briefs. Enclosed with FSA's final brief were several pages of documents numbered

Alan Bruhn
Calvin Bruhn
Case No. 2006E000449

76 through 99 (see Tab 13 of the Case Record). I find these pages duplicative of other evidence presented at the hearing and did not consider them in reaching my determination. The record closed August 31, 2006. I have carefully reviewed all evidence presented (except for the pages mentioned). Based on evidence and arguments presented by the parties, and program rules that apply to this situation, I conclude FSA did not err in denying payment for MAL's, LDP's, market losses or interest. The rationale for my decision follows.

**STATEMENT OF THE ISSUES**

I had to determine whether FSA's decision denying MAL's, LDP's, market losses for LDP's, and interest is in accord with applicable laws and rules. To make this determination, I had to resolve the following questions:

1. Did Appellants apply for MAL's or LDP's?

2. May Appellants seek equitable relief from the NAD Director?

**FINDINGS OF FACT (FOF)**

1. In 2004, the Natural Resource Conservation Service (NRCS) told Appellants that they were not actively applying a conservation plan on some of their farms. Appellants subsequently sought a 'good faith' exemption from FSA. *(Appellants Exhibits A, B, C, and L; Hearing Audio, Track 1, 2:25)*

2. In various meetings from August 12, 2004, through November 23, 2004, FSA's Monona County Committee (COC) reviewed Appellants request for a 'good faith' exemption. Eventually, the COC decided Appellants were not eligible for USDA benefits for 2004 because of noncompliance with HEL rules. Appellants appealed the COC decision to FSA's State Committee. Either during or after the COC's November 16, 2004, meeting the County Executive Director (CED) advised Appellant 1 to apply for price support benefits even though FSA would withhold payments because of conservation noncompliance. *(Appellants Exhibits A, B, C, GG, HH, II, JJ, and KK; Agency Record, pages 18 – 26; Hearing Audio, Track 1, 1:33, 2:25, 2:32, 3:15)*

3. In September 2004, Appellant 1 applied for one LDP for corn silage but received no payment in 2004. It is the only LDP Appellants requested in 2004. Appellants did not apply for any MAL's for the 2004 crop. *(Agency Record, page 27; Hearing Audio, Track 1, 1:57, 2:29, 2:35, 2:40, 3:06, 3:39)*

4. In March 2005, FSA's State Committee denied Appellants' request for a 'good faith' exemption for the 2004 crop year citing Appellants' noncompliance with a conservation plan on HEL. FSA based its decision on NRCS' technical determinations that Appellants failed to

implement fully a conservation plan on three of Appellants' farms. *(Appellants Exhibits A, B, C, and Y)*

5. In three administratively final determinations, the National Appeals Division (NAD) found on November 23, 2005, that NRCS erred in its technical determinations. Consequently, NAD found FSA erred in denying a 'good faith' exemption for 2004. *(Appellants Exhibits A, B, and C)*

6. On December 14, 2005, the NRCS State Conservationist withdrew NRCS' 2004 technical determinations. The State Conservationist granted a variance for 2004 and 2005 saying, "...I do feel that these determinations were not in accordance with the requirements of 7 CFR 12." and that "This variance will allow you to retain all United States Department of Agriculture (USDA) benefits for the 2004 and 2005 crop year." *(Appellants Exhibits D and E)*

7. In December 29, 2005, Paul Sweeney, Assistant State Conservationist for NRCS met with the COC about Appellants' conservation issues. He explained to the COC that NRCS had made mistakes in applying the law concerning conservation measures. Mr. Sweeney explained that the Iowa NRCS did not properly follow procedures outlined in the Code of Federal Regulations. Mr. Sweeney advised the COC that NRCS had held Appellants to higher conservation standards than required. *(Appellants Exhibit F; Hearing Audio, Track 1, 1:47, 2:43)*

8. Appellants seek losses for 2004 for:

   a. LDP's and MAL's for corn totaling $288,756,
   b. MAL's for soybeans totaling $291,718, and
   c. market losses for altered corn marketing strategies of $320,517,
   d. interest totaling $61,651. *(Appellants Exhibit CC, N, O, S, and X)*

**DISCUSSION**

The rule found at Part 11 of Title 7 of the Code of Federal Regulations (7 C.F.R.) governs the appeal. The rules found at 7 C.F.R. Part 1421 (1-1-05 edition) and Part 12 (1-1-05 edition) govern the issues on appeal.

Appellants did not apply for MAL's or LDP's (except for corn silage) for their 2004 crop. Seven C.F.R. § 1421.7(a) says a producer must request MAL's and LDP's at the county office that is responsible for administering programs for the farm. Section 1421.7(c) says that for producers to receive MAL's or LDP's, they must sign a note and security agreement or LDP application by the applicable final loan availability date (which was May 31, 2005, for the 2004 crop year). Section 11.10(b) says that in making my determination, I must look to see if the agency's decision is consistent with the laws and regulations of that agency. In 2004, NRCS decided Appellants were not actively applying a conservation plan. FSA relied on that determination and in August 2004, decided Appellants were ineligible for USDA benefits. In November 2004, and while still considered

Alan Bruhn
Calvin Bruhn
Case No. 2006E000449

ineligible for USDA benefits, FSA advised Appellant 1 to apply for price support benefits in case FSA's ineligibility decision was later found erroneous. Appellant 1 requested LDP for corn silage in September 2004 but received no benefits in 2004 underscoring Appellants' belief that it was futile to apply for price support benefits because of their ineligibility. Over a year later in December 2005, and after it was too late to apply timely for price support benefits, NRCS admitted it did not follow conservation regulations in Appellants case. Both FSA and Appellants relied on an admittedly flawed NRCS determination. The result of such reliance, by both Appellants and FSA, is the underlying reason why this case is in dispute. However, because Appellants did not request MAL's or LDP's for their 2004 crop (except for corn silage) before May 31, 2005, I find that FSA did not err in denying payment for MAL's and LDP's. Consequently, I must also find FSA did not err in denying marketing losses and interest. (FOF 1, 2, 3, 4, 6, and 7)

Appellants may seek equitable relief from the NAD Director. Seven C.F.R. § 11.9(a)(1) says that Appellants have 30 days after receipt of a Hearing Officer determination to request a review by the NAD Director. Section 11.9(e) says that in reaching a decision on an appeal, the Director shall have the authority to grant equitable relief to the extent such authority is provided an agency. FSA Handbook 7-CP, Paragraph 58, says that if it is determined by the NRCS State Conservationist that the action or advice of an NRCS employee caused the ineligibility of a participant for a payment or benefit under an FSA program, payments and benefits may be made available to the extent similar relief would be allowed. I have considered FSA's argument that Appellants opportunity to seek equitable relief has tolled but find no statutory or regulatory rules restricting the Director from considering equitable relief on review. In this case, as in all cases, Appellants have the right to request a review by the NAD Director.

I have no authority to make a determination on equitable relief. Under 7 C.F.R. § 11.9(e), the Director of NAD has the authority to grant equitable relief to the same extent such authority is provided an agency. While I cannot make a determination on this matter, I am responsible for developing the record to enable the Director to make a determination whether he should grant relief. I gave Appellants the opportunity in person and in documents to make a record to support a claim for equitable relief. If Appellants wish to request equitable relief, Appellants should request equitable relief in a request for Director review.

**DETERMINATION**

Seven C.F.R. § 11.8(e) provides that appellants bear the burden of proving an agency's adverse decision erroneous by a preponderance of the evidence. Appellants have not met that burden. FSA's decision is not erroneous.

Alan Bruhn
Calvin Bruhn
Case No. 2006E000449

This is a final determination of the Department of Agriculture unless a timely request for review is filed.

Dated and mailed this 29th day of September 2006.

MICHEAL R. STEWART
Hearing Officer
National Appeals Division

Attachments:
Notice of Right to Request Director Review and/or Copy of Audio Recording
Request for Director Review

Alan Bruhn
Calvin Bruhn
Case No. 2006E000449

Distribution of copies:

APPELLANTS
Alan Bruhn
Calvin Bruhn
14535 Walnut Ave
Mapleton, IA 51034

APPELLANTS' REPRESENTATIVE
Michael Stumo
2425 S. 144th St
Omaha, NE 68144

AGENCY
Copy of this APPEAL DETERMINATION provided by the Eastern Regional Office, via Federal Express to:

Administrator
Farm Service Agency
C/o Appeals and Litigation Group
1400 Independence Avenue, SW
Room 6722-S
Washington, DC 20250-0570

Alan Bruhn
Calvin Bruhn
Case No. 2006E000449

**NOTICE OF RIGHT TO REQUEST DIRECTOR REVIEW AND/OR COPY OF AUDIO RECORDING**

**DIRECTOR REVIEW REQUEST**

Either party may request that the Director of the National Appeals Division review this determination. A suggested format is attached, but any request is acceptable if it has all the information in the "Instructions for Request for Review" listed below.

**An Appellant** who believes that this determination is wrong must file a request for Director review within 30 days of receipt of this determination. The Director presumes that it usually takes 7 days for a determination to reach an appellant by mail. However, the Director will accept requests filed more than 30 days from the date of the receipt of the determination if the person shows that receipt took longer than usual. A request must be in writing and be signed by Appellant. A request must also follow the "Instructions for Request for Review" listed below.

**The Agency** may also file a request for Director review if it believes this determination is wrong. The Agency must file its request within 15 business days of receipt of this determination. The head of the Agency or someone acting in that capacity must sign the request. The Agency must also follow the "Instructions for Request for Review" listed below.

Parties may file written responses to a request for Director review within 5 business days of receipt of a copy of the request for review. Responses should be sent to the address listed below, and a copy of the response must be sent to the other party.

The date a document is considered "filed" is either the date it is delivered in writing to NAD, its postmark date, or the date that a complete facsimile copy is received by NAD.

Alan Bruhn
Calvin Bruhn
Case No. 2006E000449

**Instructions for Request for Review**

A request for review must:

1. be personally signed by Appellant or Agency Head and dated.
2. specifically request a review.
3. give the case number for the Hearing Officer determination. (The case number is on the top right-hand side of the first page of the determination.)
4. note the date the requester received the Hearing Officer determination.
5. say why the determination is wrong.
6. confirm that the requester has also sent a copy of the request and additional information, if any, to the other party at the same time that the request was sent to NAD.
7. be mailed, faxed or delivered by commercial delivery service to:

Mailing Address:

USDA, National Appeals Division
Eastern Regional Office
8909 Purdue Road, Ste 240
Indianapolis, IN 46268

| | |
|---|---|
| Fax Number: | 1-317-875-9674 |
| Phone Number: | 1-800-541-0457 |
| TDD Number: | 1-800-791-3222 |

NAD Website: www.nad.usda.gov

**COPY OF AUDIO RECORDING**

The Appellant(s) and the Agency may obtain a copy of the audio recordings made of the prehearing/hearing proceeding(s) at no cost. The Appellant(s) and/or the Agency may obtain the copies by making a written request to the NAD Eastern Regional Office.

Alan Bruhn
Calvin Bruhn
Case No. 2006E000449

## REQUEST FOR DIRECTOR REVIEW

I/We, (print name(s)) ______________________ am/are the appellant(s)/agency head in the above-referenced appeal and I/we request a Director review of the appeal determination. The case number is ______________________.

The appeal determination was received on ______________.

The specific reasons why I/we believe the appeal determination is wrong are: (You may attach additional sheets and documents, if desired.)

A copy of this request and any attachments was mailed to the other parties on ____________.

I/We swear that all statements in this filing are true to the best of my/our knowledge and belief.

______________________________ (Appellant(s)/Agency head signature)

______________________ (Date)